United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 11, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 03-40391

WILLIE LEE JOHNSON,

Plaintiff-Appellee,

versus

STEPHEN F. AUSTIN STATE UNIVERSITY; ET AL,

Defendants,

TONY HILL, in his individual capacity;
SUZANNE CARPENTER, in her individual capacity,

Defendants - Appellants.

Appeals from the United States District Court
For the Eastern District of Texas

(USDC No. 9:01-CV-317)

Before JOLLY, HIGGINBOTHAM, and DeMOSS, Circuit Judges.

HIGGINBOTHAM, Circuit Judge:[*]

This is an appeal by two Texas police officers from the district court's order denying them qualified immunity from claims that the officers denied plaintiff his right under the Fourth Amendment of the United States Constitution to be arrested only upon probable cause and related state law claims.[1]

---

[*] Pursuant to 5ᵀᴴ CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ CIR. R. 47.5.4.

[1] The dismissal of claims on other grounds is not before us, and we express no opinion in that regard.

We agree with the district court that there are genuine issues of material fact regarding the availability of qualified immunity to these defendants for violation of the Fourth Amendment pursued under 42 U.S.C. § 1983, and the state law claims. We dismiss the appeal of those claims. To the extent plaintiff attempted to state a claim of malicious prosecution under § 1983 upon these facts and the order of the district court allowed the claim of malicious prosecution to proceed, we must reverse. As we recently explained in an opinion filed after the district court's order:

> "Malicious prosecution" standing alone is no violation of the United States Constitution, and ... to proceed under 42 U.S.C. § 1983 such a claim must rest upon a denial of rights secured under federal and not state law.[2]

Plaintiff's claims of false arrest and detention in violation of the Fourth Amendment are the sole federal claims. The district court has jurisdiction over the state law claims under 28 U.S.C. § 1367. The district court may choose to require plaintiff to amend his pleadings separating his state and federal claims. We express no opinion regarding the merits of the claims before us.

AFFIRMED in part and REVERSED in part.

---

[2] *Castellano v. Fragozo*, 352 F.3d 939, 942 (5th Cir. 2003) (en banc).

2